UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GIA HUY NGUYEN,

                Petitioner,

     v.

FIELD OFFICER DIRECTOR et al.,

                Respondents.

CASE NO. 2:26-cv-01402-DGE

ORDER DIRECTING PETITIONER
TO FILE AMENDED PETITION
FOR WRIT OF HABEAS CORPUS
AND GRANTING TEMPORARY
PROVISIONAL RELIEF PENDING
RESPONDENTS' RESPONSE TO
PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING
ORDER (DKT. NO. 1)

On February 26, 2026, in *Nguyen v. Field Office Director, et al.*, Case No. 2:26-cv-00394-DGE ("*Nguyen* I"), the Court granted Petitioner's petition for writ of habeas corpus and ordered him released from detention. *Nguyen* I at Dkt. No. 20. The Court further ordered that Respondents shall not re-detain Petitioner "without notice and an opportunity to be heard unless Respondents have evidence detention is authorized under 8 C.F.R. § 241.13(i)(1)-(2)." *Id.* at 9. Petitioner was released from the Northwest Immigration and Customs Enforcement Processing Center on February 26, 2026. *Nguyen* I at Dkt. No. 22.

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING TEMPORARY PROVISIONAL RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTIONF OR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 1

On April 24, 2026, Petitioner filed a motion for temporary restraining order ("TRO") in *Nguyen* I seeking to reopen the case "for the limited purpose of enforcing the Court's February 26, 2026 judgment; to require Respondents to show cause why they should not be held in civil contempt; and to enter a temporary restraining order barring Petitioner's removal to Palau or any other third country pending a prompt hearing." *Nguyen* I at Dkt. No. 23; (*see also* Dkt. No. 1 at 1.) The motion alleges that Assistant United States Attorney Kristin B. Johnson advised Petitioner's counsel that ICE had re-detained Petitioner because "ICE obtained a travel document from Palau," and further stated that Petitioner was "served with notices of third country removal." (Dkt. No. 1 at 3.) Petitioner contends he did not receive any notice of third country removal, notice revoking his release, or notice providing meaningful opportunity to be heard before or at the time of his re-detention. (*Id.*)

Because the motion for TRO identifies a new detention, the Court construes it as a new petition for writ of habeas corpus. The Court directed the Clerk to open a new case file. However, because the motion for TRO is being considered as a new case filing, a more thorough petition will need to be filed that fully identifies all factual and legal claims being asserted. Therefore, the Court ORDERS Petitioner to file an amended habeas petition setting forth all claims for relief no later than **May 1, 2026.** Petitioner SHALL subsequently serve Respondents with the amended petition. Petitioner SHALL also pay the filing fee for the new petition or file a motion to proceed *in forma pauperis*. Upon receipt of the amended habeas petition, the Court will issue an expedited briefing schedule.

As to the motion for TRO, the Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING TEMPORARY PROVISIONAL RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTIONF OR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 2

applicants and to preserve [] jurisdiction over the matter.").  Petitioner alleges Respondents violated due process by failing to comply with 8 C.F.R. § 241.13 prior to detaining him and by failing to provide Petitioner a "meaningful chance to raise Palau-specific fear claims."  (Dkt. No. 1 at 5–6.)  Petitioner further asserts the harm he faces due to removal is irreparable, as "[r]emoval to Palau would defeat the Court's ability to enforce its judgment and could expose Petitioner to persecution, torture, or onward removal before he can meaningfully assert country-specific claims."  (*Id.* at 8.)

Accordingly, the Court further ORDERS as follows:

1.  Petitioner's motion for TRO (Dkt. No. 1) is provisionally GRANTED pending Respondents' response to the motion and any reply Petitioner may file.  This provisional grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

2.  Respondents are ENJOINED from removing Petitioner from the United States or this jurisdiction—i.e. the Western District of Washington—without further order.

3.  Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents.  Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4.  If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case.  If the Parties cannot reach agreement on the

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING TEMPORARY PROVISIONAL RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTIONF OR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 3

briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for TRO.

Dated this 24th day of April, 2026, at 4:38 p.m..

David G. Estudillo
United States District Judge

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING TEMPORARY PROVISIONAL RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTIONF OR TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 4